DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant appeals his conviction in the Wadsworth Municipal Court on the grounds that it is against the manifest weight of the evidence. We affirm.
 {¶ 2} On February 19, 2006, Deputies Brooks and King from the Medina County Sheriffs Office arrested Defendant and charged him with possession of marijuana in violation of R.C. 2925.11, a minor misdemeanor; possession of drug paraphernalia in violation of R.C.2925.14(C)(1), a minor misdemeanor; and underage consumption, in violation of R.C. 4301.69(E), a misdemeanor of the first *Page 2 
degree. A bench trial was held in the Wadsworth Municipal Court on May 8, 2006. Defendant was found guilty. He was sentenced on June 28, 2006.
 {¶ 3} Defendant timely appeals and raises the following assignment of error:
 FIRST ASSIGNMENT OF ERROR "The trial court's judgment is against the manifest weight of the evidence and is unsupported by the evidence."
 {¶ 4} Defendant argues that his conviction is against the manifest weight of the evidence. He argues specifically that the prosecution did not prove that Defendant owned or knew of the existence of the beer bottles and drug paraphernalia, or that the substance in question was marijuana. We disagree.
 {¶ 5} The judge heard the testimony of Deputy Brooks and a short statement by Defendant. Deputy Brooks indicated that, when he and Deputy King came to Defendant's house on an issue unrelated to the charges ultimately brought against Defendant, the occupants of the house would not answer the door, though Deputy Brooks could see them inside. After five to ten minutes, Defendant finally answered the front door. Defendant and his roommate each talked to the deputies, but did so outside the front door, closing the door behind them as they came out. Deputy Brooks recalled that it was a very cold night. When the door opened, Deputy Brooks, a deputy for over ten years who was extensively trained in the area of drug enforcement, could smell a strong odor of marijuana. He asked Defendant where the marijuana was. Defendant initially said that there was none. *Page 3 
When Deputy Brooks offered to get a search warrant, Defendant brought him into the house and into his bedroom, where he produced a small baggie of marijuana from a dresser drawer. Detective Brooks said that he had no doubt from the smell and appearance that the substance was marijuana, though he did say that no chemical testing was performed on it. Defendant identified the bedroom as being his own, and Detective Brooks saw only one bed.
 {¶ 6} Detective Brooks saw several items in the bedroom. On the dresser, there was a rubber hose fashioned into a pipe with a metal fitting on the end. The metal part had burnt residue that smelled of marijuana. He found alligator clips that he testified are often used to smoke small marijuana cigarettes. There was a large "hookah pipe", or two-person marijuana pipe, in the room. Detective Brooks also found ten to twelve empty or partially empty beer bottles scattered around the room. Defendant suggested at trial that at least one of the beer bottles belonged to his father. However, Detective Brooks clearly stated that he had given no such explanation on the night in question. Defendant offered only one further bit of information, which was that there were several people in his house who, according to him, did not belong there, and that they could have brought in any of the items he was charged with possessing.
 {¶ 7} When a defendant asserts that his conviction is against the manifest weight of the evidence, *Page 4 
 "an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340, 515 N.E.2d 1009.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 {¶ 8} We do not find such an extraordinary circumstance here. First, to prove possession of both drugs and paraphernalia, the state was required to prove that Defendant "knowingly possessed" the items. "Possession" is defined in R.C. 2925.01(K) as "having control over a thing or substance, but [possession] may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2901.22
states that a person acts knowingly "when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 9} Defendant contends that the prosecution was required to show that he owned the items, but there is no such requirement. It is sufficient for the prosecution to show that he had control over them. Detective Brooks testified that the drugs and paraphernalia were found in the room that Defendant identified as *Page 5 
his room. Defendant knew the dresser drawer where the marijuana was hidden, giving evidence that he had control over it.
 {¶ 10} Defendant also challenges the prosecution's proof that the substance seized was marijuana. Detective Brooks testified at trial that there were no chemical tests performed on the substance and that he identified it purely by sight and smell, as well as from Defendant's own production of the substance and admission that it was marijuana. The prosecution is not required to produce records of chemical tests in order to prove that a substance is marijuana. An extensively trained and experienced sheriffs deputy testified that it was marijuana, which is acceptable under State v. Maupin (1975), 42 Ohio St.2d 473,330 N.E.2d 708.
 {¶ 11} However, Defendant failed to preserve this issue for appeal when he neglected to make a Crim.R. 29 motion for acquittal. SeeState v. Bigley, 9th Dist. No. 02CA0017-M, 2002-Ohio-4149, at ¶ 5, citing State v. Liggins (Aug.18, 1999), 9th Dist. No. 19362, at *1. Therefore, he has waived his right to challenge the sufficiency of the state's evidence on appeal. Bigley, at ¶ 5, citing Liggins, 9th Dist. No. 19362, at *1.
 {¶ 12} Finally, Defendant was convicted of underage consumption, pursuant to R.C. 4301.69(E)(1): "No underage person shall knowingly * * * possess, or consume any beer or intoxicating liquor in a public or private place." The prosecution was required to prove that Defendant knowingly possessed the *Page 6 
beer found in his own bedroom, according to the definitions set forth above. We find that the prosecution's evidence supported the trial court's findings. The beer was found in the bedroom Defendant acknowledged was his own, and over which he had control.
 {¶ 13} The trial court's decision in this case is not a miscarriage of justice, nor does it reveal that the court lost its way in convicting Defendant. Although Defendant attempted to present conflicting evidence, we find that such evidence was minimal at best and in no way weighed heavily in his favor. Defendant's sole assignment of error is overruled, and the decision of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Wadsworth Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this *Page 7 
judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
 CARR, J. WHITMORE, J. CONCUR *Page 1